## FLEISCHER VS. KLUMB.

*December 12, 1882 — January 9, 1883.*

CORPORATIONS: OFFICERS. *(1) Reasonable regulation.*
ESTOPPEL. *(2) Case stated.*
JUSTICES' COURTS. *(2) Jurisdiction: Action founded on account.*

1. By the practice of an insurance company, assented to by its treasurer, it was the duty of that officer to give to the secretary receipts for all moneys received from him belonging to the company, as vouchers in making settlements with the company. *Held,* that such practice is a reasonable regulation, and binding on the treasurer.

2. The secretary of an insurance company deposited money belonging to the company in a bank to the credit of the treasurer, and the latter drew out the money but refused to give the secretary any receipt therefor as required by the practice of the company. In settlement with the secretary the company, because he had no voucher therefor, refused to credit him or to charge the treasurer with the amount so deposited. The secretary paid the amount to the company, and the company thereupon directed him to call upon the treasurer for the money so deposited. The treasurer had knowledge of these proceedings and consented thereto, and himself settled with the company in accordance therewith, but refused to repay the money to the secretary, on demand, or to give him a receipt. All other matters between the secretary and treasurer were fully settled. In an action against the treasurer (commenced in justice's court), to recover the amount so deposited, *held:*

(1) The treasurer is estopped from claiming that the money so deposited is still the property of the company, and is bound to repay the same to the secretary.

(2) The action is not "founded on any account," within the meaning of subd. 4, sec. 3572, R. S., and the mere fact that an account exceeding in amount the limit there prescribed is incidentally put in evidence, does not oust the circuit court of jurisdiction on appeal.

APPEAL from the Circuit Court for *Washington* County. Action commenced in justice's court to recover the sum of $188.50. From a judgment in favor of the plaintiff the defendant appealed to the circuit court, where the cause was

tried before a referee. The facts are thus stated by Mr. Justice CASSODAY:

" The plaintiff was the secretary, and the defendant was the treasurer, of the Germantown Farmers' Mutual Insurance Company, and had been such officers for several years prior to the time in question. During the time in question it was the practice of the company to allow the secretary to collect and receive, and charge to himself, most of the moneys paid into the company, and to pay over the same to the treasurer, taking therefor his receipt or voucher, and in settlements with the company to account for the moneys received by him, and be credited with the amount of the treasurer's receipts and vouchers so presented, and no more, of which practice the treasurer had full knowledge, and agreed to give such receipts for all moneys received by him of the secretary, to be used as vouchers on his settlement with the company. December 8, 1877, the plaintiff, as secretary, having received $188.50 belonging to the company, deposited the same to the credit of the defendant, as such treasurer, in the Bank of West Bend, but took no receipt or voucher therefor, and the defendant refused to give any, notwithstanding the same was demanded before the commencement of this action, and the further fact that the defendant had drawn the $188.50 from said bank before such demand. In final settlement with the plaintiff, in January, 1878, the company having refused to allow the plaintiff for the $188.50 so deposited to the credit of the defendant, or charge the same to the defendant, by reason of the plaintiff's failure to have and present a receipt of the treasurer therefor as a voucher for the company, the plaintiff paid the amount of said $188.50 to the company, notwithstanding such deposit, and the company thereupon directed the plaintiff to call upon the defendant for the money so deposited, and for which no receipt or voucher had been given, of which facts the defendant had full knowledge, and consented thereto, and himself settled with the company

Fleischer vs. Klumb.

in accordance therewith, and in accordance with such general practice. Thereupon, and before the commencement of this action, the plaintiff demanded the repayment of the $188.50, so deposited, but the defendant refused to repay the same, or give such receipt or voucher. All other matters between the plaintiff and the defendant were fully settled before the commencement of this action."

Upon the trial before the referee the plaintiff introduced in evidence an account book showing the settlement between himself and the company and between the defendant and the company, and testified that the sum sought to be recovered in this action was a part of the amount charged to him by the company in such settlement. The amount involved in such settlements and accounted for to the company by the plaintiff and defendant largely exceeded $500.

There was a judgment in favor of the plaintiff, and the defendant appealed therefrom.

The cause was submitted for the appellant on the brief of *O'Meara & Miller*, and for the respondent on the brief of *H. W. Sawyer*. To the point that the justice had no jurisdiction to try the action, involving as it did the account introduced in evidence, and that the appeal conferred no jurisdiction on the circuit court, counsel for the appellant cited: R. S., sec. 3572, subd. 4; *Felt v. Felt*, 19 Wis., 208; *Nimmick v. Mathiesson*, 32 id., 324; *Cooban v. Bryant*, 36 id., 605; *Hinckel v. W. & W. Manuf'g Co.*, 51 id., 363.

CASSODAY, J. By the charter of the company its business is to be managed and conducted by a president, board of directors, and secretary. Ch. 278, P. & L. Laws of 1854. By it the secretary is required to countersign policies of insurance and other contracts founded thereon. Sec. 6. The charter prescribes no other duty of the secretary, and makes no reference to a treasurer, but provides that "the president and directors of said company shall have power *to appoint*

*such officers and agents as they may deem necessary, prescribe their duties,* and require bonds for the faithful performance thereof; and may, from time to time, adopt such by-laws and regulations for the business of said company at a general meeting of the insured, called for that purpose, shall approve of such by-laws and regulations," etc. Sec. 14. Under the powers thus granted the defendant was appointed treasurer, and, according to the practice of the company, and the plaintiff and defendant as officers thereof, it became the defendant's duty, as prescribed by the company and assented to by him, among other things, to give to the secretary receipts for all moneys received from him belonging to the company, as vouchers for the company in making settlements with himself and the secretary. The practice or method of doing business thus assented to by the defendant was a reasonable regulation, and we think it was binding upon the defendant.

The facts of this case have been stated above, and need not be repeated. Under the facts thus stated, we must hold that the defendant is estopped from claiming that the money thus deposited in the bank to his credit by the plaintiff, and by him drawn therefrom without giving any receipt to the latter, is still the property of the company and not the property of the plaintiff. Upon the conceded facts, there are no equitable considerations which the defendant can invoke in justification of his retention of the money, and hence he is bound to repay the same to the plaintiff, who continued to be accountable therefor to the company, because the defendant, in violation of his duty, refused to give the plaintiff a receipt to be used as a voucher in his settlement with the company. *Jackson v. Jacksonport, ante,* p. 310.

It is urged that the $188.50 sued for is but one item in an account exceeding $500, and therefore without the jurisdiction of the justice, and hence that the circuit court got no jurisdiction upon appeal. The language of the statute

referred to is that "*actions founded on any account*, where the amount of the plaintiff's account, proven to the satisfaction of the justice, shall not exceed $500, and when the same shall be reduced to an amount not exceeding $200 by credits given, or by the setoff or demand of the opposite party." Subd. 4, sec. 3572, R. S.

Here the action is not "founded on any account," but upon a deposit of $188.50, made December 8, 1877, by the plaintiff to the credit of the defendant in the Bank of West Bend, and which deposit was drawn therefrom by the defendant, who refused to give to the plaintiff a receipt for the same, and thereby, in effect, refused to appropriate the money so deposited to the company, and thus release the plaintiff from his liability to account for the same. The mere fact that an account exceeding the prescribed limit happens incidentally to be put in evidence, does not oust the circuit court of jurisdiction on appeal in an action not founded on any account. Besides, the record before us is the record of what occurred in the circuit court and not of what occurred in the justice's court. It may be that no such evidence was offered in the justice's court. The case is clearly distinguishable from the decisions cited by the learned counsel for the appellant. The view we have taken of the case renders it unnecessary for us to consider the other points discussed upon the argument.

*By the Court.*— The judgment of the circuit court is affirmed.